IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
DOYLE A. CARPENTER,            )
individually and as            )
representative of a class      )
of other similarly             )
situated persons,              )
                               )
        Plaintiffs,            )
                               )
vs.                            )   Case No. CV 97-TMP-2874-S
                               )
WORLD OMNI FINANCIAL CORP.,    )
                               )
        Defendant.             )
```

ENTERED
JUN 1 0 1998

MEMORANDUM OPINION

The above-styled cause is before the court on the motion to compel arbitration and for stay pending arbitration, filed by defendant World Omni Financial Corporation on November 26, 1997. The magistrate judge to whom this case is assigned filed his report and recommendation concerning the motion on May 5, 1998, recommending that the claims asserted by plaintiff Doyle A. Carpenter be severed from those of the remaining plaintiffs, that the claims be stayed, and that he be compelled to submit his claims to arbitration. Plaintiff Carpenter filed his objection to the report and recommendation on May 19, 1998, to which defendant World Omni replied on June 1, 1998. Having now carefully reviewed and considered de novo all the materials in the court file, the court is of the opinion that the magistrate judge's report is due to be and the same is hereby ADOPTED and his recommendation is ACCEPTED.

The facts underlying the motion are set in detail in the magistrate judge's report and recommendation. In summary, plaintiff Carpenter leased an automobile from Crown Pontiac, Inc., executing an Automobile Lease Agreement prepared on a standardized form by defendant World Omni Financial Corporation, who financed the lease and to whom it was immediately assigned. Executed contemporaneously with the Lease was a "Terms and Conditions" contract drafted by Crown Pontiac, which included an arbitration agreement. The standard motor vehicle lease prepared by World Omni Financial Corporation contained the following merger clause:

> THIS LEASE CONTAINS THE ENTIRE AGREEMENT BETWEEN YOU AND US. There are no other agreements between you and us except those included in writing in this lease. No change of this lease, no course of performance and no other agreement between you and us will be binding unless in writing and signed by you and us.

The initial paragraphs of the motor vehicle lease, however, also defines the terms "us" as to "refer to dealer and any assignee." Consequently, the use of "us" in the merger clause includes any modification of the agreement in writing by not only the assignee, World Omni Financial Corporation, but also the dealer, Crown Pontiac, Inc.

The court concurs with the magistrate judge's conclusion that the arbitration clause contained in the "terms and conditions" document constitutes part of the same lease contract and agreement entered into between the parties and enforceable also by World Omni

2

Financial Corporation.  The merger clause contained in the motor vehicle lease does not bar the incorporation of the terms and conditions document inasmuch as it constitutes a written change executed between the parties.  As pointed out, the dealer is expressly included in the term "us" as it is used in the merger clause in reference to written modifications of the lease.

The court also agrees with the magistrate judge's conclusion that the fact that the "terms and conditions" document is not physically signed by Crown Pontiac does not preclude it from being enforceable as a modification of the motor vehicle lease incorporating the arbitration clause.  Plaintiff does not dispute that the terms and conditions document was drafted by Crown Pontiac, Inc. and was meant to be a binding agreement between them. The "terms and conditions" document was presented by Crown Pontiac to the plaintiff at the time of the execution of the documents relating to the lease of the vehicle, plainly intended to be, and accepted by the plaintiff as, an agreement between them relating to the lease transaction.

Finally, the plaintiff's reliance on the recently-announced Alabama Supreme Court opinion in <u>Ex parte Conference America, Inc.</u>, ___ So. 2d ___, 1998 WL 196381 (Ala. April 24, 1998), is misplaced.  Plainly, <u>Conference America</u> involved the execution of two separate contracts, calling for different services.  One contract, which contained an arbitration clause, called for an entity by the name of NCI Information Systems, Inc. to provide a detailed analysis of Conference America's business

3

needs. Two months later, a separate contract was entered into between the parties under which Conference America purchased certain computer equipment and software from NCI. The Alabama Supreme Court held that the merger clause contained in the subsequent contract, in effect, nullified the arbitration agreement in the earlier contract. The instant case between Carpenter and World Omni Financial Corporation is entirely different. The lease agreement and the terms and conditions document were executed simultaneously in relation to the very same lease transaction. The merger clause contained in the lease agreement expressly anticipated the possibility of written changes, which, as already noted, the "terms and conditions" document constituted. <u>Conference America</u>, therefore, is not authority applicable to this case.

Based on the foregoing considerations and conclusions, the court agrees with the magistrate judge's recommendation that the claims of plaintiff Doyle Carpenter be severed from the claims of the remaining plaintiffs, that his claims be STAYED, and that he be compelled to submit his claims to arbitration. It will be so ordered in a separate order.

DATED this 10th day of June, 1998.

U.S. DISTRICT JUDGE